IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARL DEAN LEEPER**,

      Petitioner,

   v.          CASE NO. 17-3157-SAC

**WARDEN SAM CLINE**,

      Respondent.

**MEMORANDUM AND ORDER**

  This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. By its order of September 8, 2017, the Court directed petitioner to show cause why this matter should not be dismissed due to his failure to file within the one-year limitation period set in 28 U.S.C. § 2244(d) and to identify any ground for equitable tolling.

  Petitioner filed a timely response (Doc. #6). He argues that he is entitled to proceed in this time-barred petition on the ground of actual innocence.

**Background**

  Petitioner was convicted of one count of aggravated robbery. *State v. Leeper*, 135 P.3d 219 (Table) (Kan.App. June 2, 2006), *rev. denied*, Nov. 8, 2006 (*Leeper I*). Following his direct appeal, he filed a motion under K.S.A. 60-1507, primarily alleging ineffective assistance of his trial defense counsel. *Leeper v. State*, 237 P.3d 668 (Table), 2010 WL 3488666 (Kan. App. Aug. 27, 2010)(*Leeper II*). He then filed a second motion under K.S.A. 60-1507, which the district court summarily dismissed. *Leeper v. State*, 308 P.3d 31, 2013 WL 4778160 (Table)(Kan.App. Sep. 6, 2013), *rev. denied*, Apr. 15, 2014 (*Leeper III*). Petitioner commenced this matter on September 6, 2017,

after the expiration of the one-year limitation period.

Petitioner does not argue that this matter is timely-filed but instead argues that he is entitled to proceed in this matter under equitable tolling. Petitioner claims that if the jury had been allowed to see a videotape of the robbery, he would have been acquitted (Doc. #6, p. 2).

### Discussion

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or expiration of the statute of limitations." See *McQuiggin v. Perkins*, ___ U.S. ___ , 133 S.Ct. 1924, 1928 (2013). A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence – whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, the petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). "Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy this standard." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Petitioner's claim concerning a videotape of the robbery is not grounds for equitable tolling because the videotape does not constitute new evidence. The state appellate decisions concerning the petitioner's conviction reference the existence of a videotape from the store as early as 2010. See *Leeper I,* 2010 WL 3488666 *3 (referring to whether the victim of the robbery had seen a videotape of the crime)

and *Leeper II*, 2013 WL 4778160 *4 ("There is no new evidence to consider. He has already raised issues regarding … the failure to disclose the video.") Petitioner's presentation of this claim in a habeas corpus petition filed in 2017 does not qualify as reliable new evidence that might entitle him to equitable tolling.

   IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred.

   **IT IS SO ORDERED.**

   DATED:  This 7th day of November, 2017, at Topeka, Kansas.

                    S/ Sam A. Crow
                    SAM A. CROW
                    U.S. Senior District Judge